IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

LEAH ROBERTS   :
:
v.   :   Civil No. CCB-11-1941
:
ERIC HOLDER, *et al.*   :

**<u>MEMORANDUM</u>**

Plaintiff Leah Roberts, a native of Guyana, has brought a suit to compel action on her N-400 application for naturalization.  Ms. Roberts petitions the court either to adjudicate her application for naturalization or to compel the U.S. Citizenship and Immigration Service (USCIS) to adjudicate the application.  The defendants, having received assurances from the USCIS that the N-400 application will be adjudicated within 60 days of the dismissal of Ms. Roberts's lawsuit, have filed a Motion for Remand and Dismiss Without Prejudice.  (ECF No. 9.)  The matter has been fully briefed, and no hearing is necessary.  *See* Local Rule 105.6.  For the reasons set forth below, the defendants' Motion to Remand and Dismiss Without Prejudice will be granted.

**Background**

Ms. Roberts has been a permanent resident of the United States since 1997.  (Notice to Appear, ECF No. 1-2, p. 14.)  She was placed in removal proceedings in March 2004 based on the allegation that she gained legal residency by "fraud or willfully misrepresenting a material fact." (*Id.*)  The Immigration and Naturalization Service (INS) alleged that Ms. Roberts "entered

1

into a fraudulent marriage with Seanelle Glover for the sole purpose of receiving an immigration benefit." (*Id.*)[1]  A hearing was held on the matter in Immigration Court in Baltimore, Maryland. On August 22, 2006, at the conclusion of the hearing, the Immigration Court terminated the removal proceedings against Ms. Roberts.  (Order of the Immigration Judge, ECF No. 1-2, p. 15.)

Shortly after the termination of her removal proceedings, Ms. Roberts applied for naturalization pursuant to 8 U.S.C. § 1430.  Her N-400 application was filed on or about December 15, 2006.  (Application for Naturalization, ECF No. 1-2, p. 1-11.)[2]  Ms. Roberts was interviewed by a USCIS examiner in connection with her naturalization application in July 2007. In January 2008, Ms. Robert filed a request with the USCIS to issue a decision with respect to her pending naturalization application.  (ECF No. 1-4.)  The USCIS called Ms. Roberts for a second naturalization interview in March 2008, requesting evidence of the bona fides of her marriage.  (ECF No. 1-3.)

Ms. Roberts filed a second request with the USCIS for adjudication of her N-400 application on September 5, 2008.  (ECF No. 1-5.)  She then filed a third request for adjudication on February 9, 2010, at which point her application had been pending for more than three years. (ECF No. 1-6.)[3]  The USCIS responded to Ms. Roberts in a letter dated February 19, 2010, stating that "unresolved issues in [Ms. Roberts's] case require thorough review before rendering

---

[1] The INS was abolished in 2002, and its enforcement functions were transferred to the Department of Homeland Security.  *See* Homeland Security Act of 2002, Pub.L. No. 107-296, § 441, 116 Stat. 2135, 2192 (2002).

[2] According to the USCIS, Ms. Roberts's first N-400 application was filed on February 10, 2003 and denied on November 7, 2003 based on a finding that Ms. Roberts's marriage was fraudulent.  (Notice of Intent to Deny, ECF No. 15-2.)  The present suit relates to Ms. Roberts's December 15, 2006 application for naturalization.

[3] The average processing time for an N-400 application for naturalization, according to the Baltimore Field Office website, is five months.  (ECF No. 1-8.)

2

a decision. Unfortunately, we cannot speculate as to when this review process will be complete." (ECF No. 1-7.)

On July 15, 2011, Ms. Roberts filed this suit in federal court requesting the court to adjudicate her naturalization application or, alternatively, to compel the USCIS to adjudicate her N-400 application. Ms. Roberts attended another naturalization interview on September 7, 2011. On September 21, 2011, the USCIS issued a Notice of Intent to Deny Ms. Roberts's N-400 application containing extensive allegations that Ms. Roberts "obtained [her] permanent residence through fraud and willful misrepresentation of material facts concerning [her] marriage to Seanelle Glover." (Notice of Intent to Deny, ECF No. 15-2, p. 5.) The Notice also alleged that Ms. Roberts "provided false testimony to USCIS during the statutory period" and is therefore "precluded from demonstrating good moral character." (*Id.* at 6.) Ms. Roberts responded to the Notice of Intent to Deny on November 30, 2011, arguing primarily that the doctrine of res judicata bars the USCIS from "relitigating" the bona fides of Ms. Roberts's marriage and the truthfulness of her testimony to the USCIS. (ECF No. 15-1, p. 1.)

## Discussion

The Immigration and Nationality Act (INA) requires the USCIS to adjudicate pending naturalization applications. The Act confers jurisdiction upon federal district courts to adjudicate or remand N-400 applications that have been pending for more than 120 days after a naturalization examination is conducted.

> If there is a failure to make a determination under section 1446 of this title before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

The defendants do not challenge the court's jurisdiction over Ms. Roberts's naturalization application, but rather urge the court to remand the matter for adjudication by the USCIS. The defendants argue that the USCIS is best equipped to make a determination about Ms. Roberts's eligibility for naturalization. They note that the USCIS has agreed to adjudicate Ms. Roberts's N-400 application within 60 days of the date of dismissal of the suit. (Declaration from USCIS Officer Rita Crawley, ECF 9-2.)[4] Moreover, the defendants argue that Ms. Roberts's res judicata argument fails due to the disparate legal standards governing removal and naturalization and the particular manner in which Ms. Roberts's removal proceedings were resolved.

As an initial matter, the court observes that the USCIS is in the best position to adjudicate naturalization applications, particularly in cases with lengthy and complex procedural histories such as Ms. Roberts's. The court is mindful of the Supreme Court's mandate that "[g]enerally speaking, a court of appeals should remand a case to an agency for decision of a matter that statutes place primarily in agency hands. This principle has obvious importance in the immigration context." *INS v. Ventura*, 537 U.S. 12, 16-17 (2002). "[T]he vast majority of courts that have exercised jurisdiction over a case pursuant to § 1447(b) have remanded the matter back to CIS with appropriate instructions, rather than determine the matter." *Manzoor v. Chertoff*, 472 F. Supp. 2d 801, 810 (E.D. Va. 2007) (collecting cases).

Moreover, Ms. Roberts's argument that the court should decide this issue as a straightforward question of res judicata is unavailing. Ms. Roberts argues that the USCIS may not "relitigat[e]" the question of the authenticity of her marriage because the issue has been decided in the context of her removal proceedings. (ECF No. 15-1, p. 1.) This argument fails

---

[4] In its Reply, government counsel suggests that the adjudication could be completed within 30 days of this court's order. (ECF No. 16, p. 9, n. 3.)

for several reasons. First, Ms. Roberts's removal proceedings were terminated, and the termination of removal proceedings is not equivalent to resolution on the merits. (Order of the Immigration Judge, ECF No. 1-2, p. 15.) The INA specifically provides that the termination of proceedings does not compel a finding of eligibility for naturalization:

> [T]he findings of the Attorney General in terminating removal proceedings or in canceling the removal of an alien pursuant to the provisions of this chapter, shall not be deemed binding in any way upon the Attorney General with respect to the question of whether such person has established his eligibility for naturalization as required by this subchapter.

8 U.S.C. § 1429.[5]

To prevail on a theory of res judicata, a party must establish three elements: "(1) a final judgment on the merits in a prior suit, (2) an identity of the cause of action in both the earlier and the later suit, and (3) an identity of parties or their privies in the two suits." *Jones v. S.E.C.*, 115 F.3d 1173, 1178 (4th Cir. 1997) (citations and internal quotation marks omitted). Ms. Roberts has failed to establish the first two elements. As noted, termination of removal proceedings does not constitute a final judgment on the merits. Moreover, the legal standards and applicable burdens of proof are not the same in naturalization proceedings and removal proceedings. As the defendants point out, "[i]n a removal proceeding, the DHS ICE Counsel has the burden to prove removability by clear and convincing evidence. See 8 C.F.R. § 1240.8(a)." (ECF No. 16, p. 6.) By contrast, "[i]n an application for naturalization, the applicant bears the burden of proving that she is eligible for naturalization. See INA § 318 [8 U.S.C. § 1429]; see also 8 C.F.R. § 316.10(a)(1)." (*Id.*) It also appears from the Notice of Intent to Deny that the USCIS is concerned with statements made *after* Ms. Roberts's removal proceedings were terminated.

---

[5] The Immigration Judge issued an oral decision to terminate Ms. Roberts's removal proceedings. Ms. Roberts does not claim to have moved for termination of her proceedings, so it is possible that the proceedings were dismissed on the government's own motion, pursuant to 8 C.F.R. § 1239.2. Dismissal under those circumstances is "without prejudice to the alien or the Department of Homeland Security." 8 C.F.R. § 1239.2(c).

(ECF No. 15-2, p. 3-5.) Res judicata does not apply if different or new allegations are at issue in the subsequent litigation. *See Meekins v. United Transp. Union*, 946 F.2d 1054, 1057 (4th Cir. 1991) ("[R]es judicata does not bar claims that did not exist at the time of the prior litigation.").

In remanding this case, the court notes that Ms. Roberts is not without further recourse to the district courts. First, the court will dismiss this case without prejudice, and Ms. Roberts may re-file her suit if the USCIS does not adjudicate her application within 60 days, as it has pledged to do. Moreover, Ms. Roberts retains her ability to seek subsequent de novo judicial review if the USCIS denies her N-400 application.[6]

For all of the above reasons, the court will grant the defendants' Motion to Remand and Dismiss Without Prejudice. A separate Order follows.

June 29, 2012                                  /s/
Date                                  Catherine C. Blake
                                      United States District Judge

---

[6] The INA provides that "[a] person whose application for naturalization under this subchapter is denied, after a hearing before an immigration officer under section 1447(a) of this Title, may seek review of such denial before the United States district court for the district in which such person resides in accordance with chapter 7 of title 5. Such review shall be de novo, and the court shall make its own findings of fact and conclusions of law and shall, at the request of the petitioner, conduct a hearing de novo on the application." 8 U.S.C. § 1421(c).